UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HOLLINS,<br><br>Defendant. | Case No:  CR 92-126 SBA<br><br>**ORDER**<br><br>Docket 180, 184, 187, 189, 222, 229, 231, 236, 241 |

This matter is presently before the Court on various pro se motions filed by Defendant Michael Hollins who, until recently, was in the custody of the Bureau of Prisons ("BOP") resulting from a supervised release violation. Having read and considered the papers submitted as well as the file in this action, the Court enters the following disposition.

**I.  BACKGROUND**

On March 13, 1992, Defendant was charged in a one-count Indictment with a violation of 18 U.S.C. § 922(g)—Felon in Possession of Firearm.  Following a jury trial in June 1992, Defendant was found guilty as charged.  On April 13, 1993, Defendant was sentenced to a term of imprisonment of 180 months and 5 years of supervised release.  On July 14, 1994, the Ninth Circuit Court of Appeals affirmed the judgment.

After being released from custody, Defendant violated the terms of his supervised release.  On November 19, 2005, the Court, at the request of the Probation Department, issued a Form 12 summons ("Form 12"), which alleged that Defendant had violated the conditions of his supervised release.  The matter was scheduled for a supervised release revocation and

1  disposition hearing on January 26, 2006, but Defendant failed to appear due to his arrest by
2  local law enforcement authorities.
3        On March 31, 2006, Defendant appeared before Magistrate Judge Wayne D. Brazil,
4  who ordered Defendant to appear in this Court on April 18, 2006, for a supervised release
5  revocation hearing. Defendant failed to appear, and the matter was removed from the Court's
6  calendar pending Defendant's return to custody. On May 10, 2007, Defendant appeared in
7  United States District Court in the Western District of Louisiana, and was removed to this
8  District for further proceedings.
9        After numerous status hearings, the parties appeared for a supervised release revocation
10 and disposition hearing on November 27, 2007. On that date, the Court found that Defendant
11 had violated Charges two through six of the Form 12. The Court revoked Defendant's
12 supervised release and committed him to the custody of the BOP for a term of imprisonment of
13 37 months, plus an additional term of supervised release for 23 months. Defendant, through
14 counsel, filed an appeal with the Ninth Circuit. In the interim, Defendant filed several pro se
15 motions challenging his sentence for the supervised release violation. See Docket 180, 184,
16 187, 189. On September 16, 2008, the Ninth Circuit affirmed the Court's decision.
17 Notwithstanding the Ninth Circuit's affirmance, Defendant continued filing pro se motions
18 related to the length of his sentence. See Docket 229, 231, 236. The Court discusses these
19 motions in turn.

20 **II.   DISCUSSION**

21     **A.   MOTIONS TO CORRECT SENTENCE/MOTION FOR REHEARING**

22       A motion under 28 U.S.C. § 2255 is the exclusive procedural mechanism by which a
23 federal prisoner may challenge his detention. Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.
24 2008). To obtain relief under section 2255, the movant must demonstrate that his sentence is
25 unconstitutional or illegal, or that the Court lacked jurisdiction to impose the sentence. 28
26 U.S.C. § 2255(a). A convicted criminal defendant cannot file more than one section 2255
27 motion without leave of court. Harrison, 519 F.3d at 961-62 (citing 28 U.S.C.
28 § 2244(b)(3)(A)).

In his two motions to correct sentence and motion for rehearing, Defendant contends that the 37 month sentence imposed by the Court was improper, ostensibly because the underlying offense (i.e., felon in possession of a firearm) is a Class C, as opposed to a Class A, felony.  Docket 180, 184, 187.  The Ninth Circuit considered and rejected this claim on September 16, 2008, in connection with Defendant's direct appeal.  The Ninth Circuit's ruling is binding as law of the case.  Arizona v. California, 460 U.S. 605, 618 (1993).  Accordingly, Defendant's motions are DENIED.

### B. MOTION FOR THE CALCULATION OF TERM OF IMPRISONMENT AND MOTION FOR CREDIT FOR PRIOR CUSTODY

Defendant contends that the BOP should have afforded him 74 days credit for the time he served from his arrest on the supervised release revocation until his sentencing on November 27, 2008.  Docket 189.  Under 18 U.S.C. § 3585(b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—[¶] (1) as a result of the offense for which the sentence was imposed; or  [¶] (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;…."

The district court is not allowed under section 3585 to award credit for time served at the time of sentencing.  United States v. Wilson, 503 U.S. 329, 333 (1992).  Rather, that determination is the province of the BOP.  United States v. Drake, 49 F.3d 1438, 1440 (9th Cir. 1995).  Though a court may review the BOP's calculations, a federal prisoner must first exhaust federal administrative remedies before seeking relief in federal court.  See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam).  Here, there is nothing in the record to indicate that Defendant exhausted his administrative remedies through the BOP regarding the calculation of his sentence before filing his motion.  Thus, Defendant's motion for credit for prior custody is DENIED without prejudice.

### C. MOTION FOR TRANSCRIPTS

Defendant seeks copies of transcripts from various hearings that were held in connection with his supervised release revocation in 2007.  Docket 222.  Beyond a vague

reference to "criminal contempt," Defendant does not indicate the purpose for which he allegedly needs the transcripts. Therefore, Defendant's motion for transcripts is DENIED, without prejudice.

### D.   MOTION TO OBTAIN SENTENCE REDUCTION

On February 12, 2009, Defendant filed a Motion to Obtain Sentence Reduction for Substantial Assistance in which he claims that he should be released so that he can serve as a confidential informant in Florida. Docket 229. This motion is an improper successive motion under section 2255, see Harrison, 519 F.3d at 961-62, which is otherwise time-barred by the statute's one-year limitations period, 28 U.S.C. § 2255(f). In addition, Defendant has failed to allege any cognizable grounds for relief under section 2255. Accordingly, Defendant's Motion to Obtain Sentence Reduction is DENIED.

### E.   PETITION FOR WRIT OF CORAM NOBIS

Defendant subsequently filed a Petition for Writ of Coram Nobis, or in the Alternative, a Writ of Habeas Corpus on February 23, 2009. Docket 231. He contends that the Court erred in imposing a five-year term of supervised release in connection with his sentencing in 1993 on the ground that 18 U.S.C. § 922(g) is a Class C felony which carries a maximum term of supervised release of three years. To qualify for coram nobis relief, a petitioner must show that (1) a more usual remedy is not available, (2) valid reasons exist for not attacking the conviction earlier, (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character. Estate of McKinney v. United States, 71 F.3d 779, 781-82 (9th Cir. 1995).

Defendant has already sought relief under section 2255, and may not file a successive motion without prior leave of court—which he has neither requested nor obtained. See Harrison, 519 F.3d at 961-62. The fact that Defendant styled his request as a Petition for Writ of Coram Nobis does not excuse him from this requirement. See United States v. Crowell, 374 F.3d 790, 795 (9th Cir. 2004). In any event, the Ninth Circuit previously rejected Defendant's contention that a violation of 18 U.S.C. § 922(g) is a Class C felony and held that it is, in fact, a Class A felony. Therefore, Defendant's Petition for Writ of Coram Nobis is DENIED.

**F.    APPLICATION FOR ISSUANCE OF SUBPOENA UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 17(C)**

Defendant seeks the issuance of a Rule 17(c) subpoena to obtain a copy of the Court's minutes from the November 27, 2007, supervised release revocation hearing. Docket 236. ""[Rule 17(c)] . . . governs the issuance of subpoenas duces tecum in federal criminal proceedings." United States v. Nixon, 418 U.S. 683, 697–98 (1974). Rule 17(c) provides in pertinent part:

> A subpoena may … command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. . . . The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial . . . and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

Fed R. Crim. P. 17(c). Although Rule 17 subpoenas are generally employed in advance of trial, they are also available for post-trial motions and sentencing. See United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981).

Though Defendant has titled his request as a "subpoena" for the "minutes" of the Court's hearing, it is apparent that he is requesting a copy of the hearing transcript. According to Defendant, he needs access to the transcript to support his claim of ineffective assistance of counsel. To the extent that Defendant intends to file another section 2255 motion based on ineffective of counsel, such request will be barred as a successive petition, unless prior leave of court is obtained. In addition, Defendant does not specify what aspect of his representation, if any, fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 688 (1984) (noting that to succeed on a claim for ineffective assistance of counsel, the defendant must show "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by counsel's substandard performance). Rather, he merely states that the he should have been afforded the opportunity to obtain new counsel because he and counsel allegedly had an interpersonal conflict.[1] In addition, since Defendant

---

[1] There is no indication in the record that Defendant sought to relieve his appointed attorney, Mark Goldrosen, at or prior to the supervised release revocation hearing. Mr. Goldrosen also represented Defendant on his appeal from the revocation of his supervised release.

1  has been released from the BOP, he is able to obtain a copy of the minutes on his own accord.
2  As such, Defendant's motion for the issuance of Rule 17(c) subpoena is DENIED without
3  prejudice.

  **G. MOTION REQUESTING RESIDENTIAL HALFWAY HOUSE PLACEMENT OR PROVIDE HOUSING UPON RELEASE/MOTION REQUESTING COURT TO ADDRESS DEFENDANT'S CONCERNS**

  The final two motions before the Court pertain to Defendant's request for placement in a halfway house.  Docket 241, 242.  Defendant appears to make two requests.  First, he seeks leave to serve six months of his sentence in a halfway house.  This motion is essentially identical to his prior request which the Court denied on August 17, 2009, on the ground that Defendant's placement was the BOP's prerogative.  Docket 240.  In addition, since Defendant has been released from custody, this aspect of his request is moot.

  Alternatively, Defendant states that upon his release from prison, he will have nowhere to stay due to the lack of familial support or financial resources.  At the same time, Defendant states that if he is not allowed early release to a halfway house, he should "not be compelled to reside at a halfway house after having served his complete term."  Docket 241 at 2.  It is not clear from the record what relief, if any, Defendant presently is seeking from the Court. In view of the above, Defendant's Motion Requesting Residential Halfway House Placement or Provide Housing Upon Release and Motion Requesting Court to Address Defendant's Concerns are DENIED without prejudice.  However, the Court notes that to the extent that Defendant is experiencing any housing or related concerns while on supervised release, Defendant should first address such concerns with his Probation Officer.  If, after such discussions the Defendant has any concerns that require judicial intervention, he may submit an appropriate request to the Court.

  **III. CONCLUSION**

  For the reasons set forth above,

  IT IS HEREBY ORDERED THAT Defendant's motions, as set forth above, are DENIED.  This Order terminates Docket 180, 184, 187, 189, 222, 229, 231, 236 and 241.

- 6 -

1  IT IS SO ORDERED.

Dated: June 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28